IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID D. BURRISS,**

        **Plaintiff,**

                CIVIL ACTION
  **vs.**              No. 03-3341-SAC

**RAY ROBERTS, et al.,**

        **Defendants.**

### ORDER

  This matter is before the court on a civil rights action filed by an inmate while incarcerated in the El Dorado Correctional Facility in El Dorado, Kansas.[1]  Plaintiff seeks leave to proceed in forma pauperis and has submitted financial records showing that during the last six months he has had no assets.

  Under the Prison Litigation Reform Act, signed into law on April 26, 1996, a prisoner is required to pay the full filing fee.  Where insufficient funds exist for the filing fee, the court is directed to collect an initial partial filing fee in the amount of 20 percent of the greater of the average monthly deposits to the inmate's account or the average monthly balance for the preceding six months.  28 U.S.C. 1915(b)(1)(A) and (B).  However, where an inmate has no means by which to pay the initial

---

[1]Court records reflect that plaintiff is currently incarcerated in Lansing Correctional Facility in Lansing, Kansas.

partial filing fee, the prisoner shall not be prohibited from bringing a civil action.  1915(b)(4).

Having considered the plaintiff's financial records, the court finds no initial partial filing fee may be imposed at this time due to plaintiff's limited resources.

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).

In this case, plaintiff seeks damages on claims regarding the alleged mishandling of his legal mail.  Having reviewed plaintiff's allegations, the court finds the complaint should be dismissed.

Plaintiff documents his full exhaustion of administrative remedies on two grievances concerning letters he submitted for mailing as legal mail.  In one grievance (#00011153), plaintiff cites letters submitted for mailing to the Federal Consumer Information Center in Pueblo, Colorado, and to the Freedom of Information Director at the Defense Department in Washington, DC. In a second grievance (#0001154), he cites letters submitted for mailing to the Prison Book Program in Boston, Massachusetts, and to the Human Kindness Foundation in Durham, North Carolina.  In both cases, plaintiff complains his letters were not mailed but were instead opened and returned for postage because they did not

constitute legal mail.[2]

To allege a valid claim under 42 U.S.C. 1983, a plaintiff must assert the denial of a right, privilege or immunity secured by federal law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970). Thus to the extent plaintiff seeks relief for the alleged violation of pertinent prison regulations, no claim for relief is stated under 42 U.S.C. 1983 unless plaintiff can demonstrate the alleged misconduct also violated his rights under the United States Constitution or federal law.

The First and Fourteenth Amendments protect a prisoner's right to correspond with those outside the prison. See <u>Thornburgh v. Abbott</u>, 490 U.S. 401 (1989); <u>Turner v. Safley</u>, 482 U.S. 78, 84 (1987). It is recognized, however, that this right must be balanced against the overriding need to monitor prison safety and security, and it is well-established that prison officials are far better equipped to deal with these complex issues than the judiciary. <u>Smith v. Maschner</u>, 899 F.2d 940, 944 (10th Cir. 1990). The obligation to maintain institutional security "may include reading inmates' incoming and outgoing mail, with the exception of legal mail." <u>Thongvanh v. Thalacker</u>, 17 F.3d 256, 258-59 (8th Cir. 1994).

Significant to plaintiff's allegations is his contention that

---

[2] Plaintiff also documents the opening of a letter sent to him from the Georgetown University Law Center, but identifies no full exhaustion of administrative remedies for any error alleged in the handling of this mail. Because the complaint alleges only the mishandling of his outgoing mail, the Georgetown University letter is considered surplusage and as not raising an unexhausted claim that would give rise to the "total exhaustion" rule in <u>Ross v. Benalillo</u>, 365 F.3d 1181 (10th Cir. 2004).

the mail allegedly mishandled was legal mail.  In Kansas, legal mail is administratively defined as mail that affects the inmate's right to the courts or legal counsel, and as including letters between the inmate and the lawyer, a judge, a clerk of the court, or any intern or employee of legal services for prisoners.  K.S.A. 44-12-601.  The identified pieces of mail at issue in the instant complaint fall well outside this definition, thus plaintiff's allegations of constitutional deprivation in being required to pay postage for such mailings have no factual support.

Accordingly, for the reasons stated herein, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief.  See 28 U.S.C. 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

Plaintiff's motions for appointment of counsel (Docs. 7 and 8) are denied.  Having reviewed plaintiff's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted.  See Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed without the payment of an initial partial filing fee.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20)

days to show cause why the complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motions for appointment of counsel (Docs. 7 and 8) are denied.

The clerk of the court is directed to transmit copies of this order to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 29th day of July 2005 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge